CHIEF JUSTICE WILLIAMS
delivered the opinion oe the court:
Upon a suit brought in the Grant circuit court by appellee against appellant alone, summons was served in Harrison county, and judgment by default rendered upon Tufé several notes. No special reason for such service appears in the record. The Civil Code, after specifying various cases of local jurisdiction, by section 106 provides that “ every other action may be brought in any county.in which the defendant, or one of several defendants, resides or is summoned,” which embraces this case. Section 107 pr/wides, that “ where any action, embraced in the last section, is against a single defendant, the plaintiff shall not be entitled to judgment against him on service of a summons in any other county than that in which the action is brought, unless he resided in that county at the commencement of the action, or, unless having appeared therein, he fails to object, before the trial, to its proceeding against him."
Section 110 provides, that “ if, after the commencement of an action in the county of the defendant’s residence, he removes therefrom, the service of the summons upon him in any other county shall have the same effect as if it had been made in the county from which he removed.” In Raymond vs. Reed (16 B. Mon., 350), this court held, that when suit was properly brought in the Nicholas circuit court, where Raymond resided, and he being in attendance as a witness at the Bourbon circuit court, in *351 which latter county the process was served, upon Raymond’s objecting to judgment on such service, that it was unauthorized and erroneous, because it did not appear he had removed.
And in Randall vs. Shropshire (4 Metcalfe, 327), this court held, that where there were several defendants— but this was owing to a misjoinder of actions, as no cause of action affected all the parties — there a judgment by default, upon summons served in another county than where suit brought, was erroneous and unauthorized against the party so served.
And in Ruby vs. Grace (2 Duvall, 540), it was . ' ’ that the service in a distant county to the one in which suit was brought against a single defendant, no removal of the defendant appearing, did not authorize a judgment by default, and that this was not merely a clerical misprision, but error cognizable in this court.
The provisions of these var' >us sections of the Code clearly manifest that it was intended by the enacting power that no judgment should be rendered against a party other than in a county where he resided or where summoned, unless he had removed from said county after the bringing the suit; the language is, “ the plaintiff shall not be entitled to judgment on such service unless the defendant resided in such county when the action was commenced.
A defendant, knowing either that he did not live in such county when the action was begun, or has not removed from it, and is not concealing himself from service of process, need not respond to such service, but may regard it as totally insufficient to authorize a judgment against him, and pay no attention thereto. If any of the special causes exist, authorizing said judgment, these should be manifested, else the court should refuse to pro *352 nounce judgment. To compel his attendance for the purpose of objecting would be to expose him to the unnecessary trouble and expense of a litigation in a distant county, and reinstate the evils intended to be remedied by these provisions of the Code.
As the judgment for this error must be reversed, we need not express an opinion as to the question made on the statute of limitations, as the appellant will have an opportunity to set up his defenses when he shall be properly summoned to appear. As he had the right to appear in the court below and object to its further proceeding on such service, and had the right to appear in this court for the same purpose, he cannot be proceeded against because thereof; and unless some special cause for the service in Harrison county shall appear, or the appellant shall waive his right to object, the court below should refuse to adjudge against him until proper service of process.
Wherefore, the judgment is reversed, with directions for further proceedings as herein indicated.